**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:18-CR-93 |
| | § | |
| ANTONIO HERNANDEZ | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Antonio Hernandez's ("Hernandez") *pro se* Motion for Early Termination of Supervised Release (#36), wherein Hernandez seeks early termination of his three-year term of supervised release. Hernandez's United States Probation and Pretrial Services ("Probation") Officer in the Eastern District of Texas reviewed the filings and opposes the request for early termination. Hernandez's Probation Officer in the Southern District of Texas also objects to early termination. The United States Attorney's Office advised Probation that it is opposed to early termination of Hernandez's supervised release. Having considered the motion, the viewpoints of Probation, the Government's position, the record, and the applicable law, the court is of the opinion that Hernandez's motion should be denied.

I.     Background

On March 27, 2017, Hernandez was convicted of Conspiracy to Possess with Intent to Distribute a Controlled Substance, in Docket No. 7:15-CR-220, in the United States District Court for the Southern District of Texas, and sentenced to 108 months' imprisonment, to be followed

by a three-year term of supervised release.[1]  On July 26, 2018, Hernandez was serving his sentence for the drug conspiracy conviction at the Satellite Prison Camp of Federal Correctional Complex Beaumont, located in Beaumont, Texas ("FCC Beaumont"), when it was discovered that he had escaped from FCC Beaumont.

On August 31, 2018, Hernandez was located and arrested with Verdinez in Reynosa, Tamaulipas, Mexico.  A search of his home revealed a money counter, a .22 caliber handgun with two magazines, and two boxes of .22 caliber ammunition in the night stand of the master bedroom. On October 3, 2018, a federal grand jury in the Eastern District of Texas returned a single-count indictment against Hernandez, charging him in Count One with Escape, in violation of Title 18, United States Code, Section 751(a).  On May 29, 2019, after pleading guilty to Escape, Hernandez was sentenced by United States District Judge Thad Heartfield to a term of 15 months' imprisonment as to Count One, followed by a three-year term of supervised release.  The court ordered Hernandez's term of imprisonment for the instant offense to run consecutively to his term of imprisonment imposed by the Southern District of Texas for his drug conspiracy conviction and that his term of supervised release run concurrently with his term of supervision associated with his conspiracy conviction.  On August 27, 2024, Hernandez fulfilled his terms of imprisonment and began serving his concurrent three-year terms of supervised release in the Southern District of Texas, Houston Division.  His supervision is projected to expire on August 26, 2027.

---

[1] With respect to his conspiracy conviction, Hernandez and his wife, Yesenia Verdinez ("Verdinez"), were determined to be leaders/organizers of a drug trafficking organization ("DTO") that supplied large quantities of cocaine from Reynosa, Tamaulipas, Mexico, to Texas, Florida, and Georgia. Hernandez's organization had ties to another DTO, the Beltran-Leyva DTO, and the Gulf Cartel. Hernandez and Verdinez were held responsible for a total of 84.15 kilograms of cocaine as well as money laundering in the amount of $744,170.

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering certain of the factors set forth in Section 3553(a),[2] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).  In addition, the United States Sentencing Guidelines list supplemental factors that the court may wish to consider when determining whether to terminate the remaining term of supervised release.[3]  "Early termination of supervised release is not an entitlement."  *United States v. George*, 534 F. Supp.

---

[2] These factors include:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.  18 U.S.C. §§ 3553(a), 3583(e).

[3] Specifically, the Guidelines list:  (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges); (iii) the defendant's substantial compliance with all conditions of supervision; (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision; (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant. U.S.S.G. § 5D1.4, Application Note B.

3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). In fact, in *United States v. Bowe*, the United States Court of Appeals for the Fourth Circuit stated that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." 309 F.3d 234, 240 (4th Cir. 2002) (citing *Johnson*, 529 U.S. at 53).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)."); *United States v. Bondy*, No. 19-232, 2026 WL 1282742, at *2 (E.D. La. May 11, 2026) ("[F]ull compliance . . . is merely what is expected of all people serving terms of supervised release." (quoting *Karacsonyi v. United States*, No. 97-1220, 1998 WL 401273, at *1 (2d Cir. June 10, 1998))); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13,

2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (citing 18 U.S.C. § 3583(e)(1)) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of a supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760,

at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *United States v. Baptiste*, No. 98-207, 2025 WL 871520, at *1 (E.D. La. Mar. 20, 2025) (noting that early termination is generally warranted "only in cases where the defendant shows changed

circumstances, such as exceptionally good behavior" (quoting *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013))); *Smith*, 2014 WL 68796, at *1.

Here, Hernandez presents no new or exceptional circumstances or needs that would merit early termination of his term of supervised release. Rather, Hernandez contends that he has demonstrated significant rehabilitation and reintegration into society as evidenced by his stable employment, completion of his residential reentry center and home confinement placements, maintenance of a stable residence in Houston, Texas, and full compliance with all reporting requirements. Hernandez also notes that he has completed approximately two-thirds of his term of supervised release. According to Probation, Hernandez is currently being supervised at a Post-Conviction Risk Assessment Level of Low-Moderate/Violence Category 1, which entails only limited reporting requirements. Probation further informs the court that Hernandez appears to have complied with the terms of his supervised release to date. Probation confirms that although he was initially unemployed for almost a year, Hernandez has been employed from July 17, 2025, to present by Tire Sales International. While Hernandez's progress is commendable, these are basic expectations for defendants and do not qualify as extraordinary circumstances warranting early termination. Hernandez fails to explain how the conditions of his supervised release limit his employment opportunities, interfere with his family responsibilities, impinge on his religious practices, restrict his recreational pursuits, or otherwise impact his daily life in a significant manner. Under the circumstances, the court finds the current conditions of Hernandez's supervised release are not onerous and remain appropriate.

At this time, Hernandez has served less than two years of his three-year term of supervised release. While Hernandez's achievements to date should be commended, continuing him on

supervision will provide him the best opportunity for a successful reentry in view of his prior involvement in crimes entailing international drug trafficking and escape from custody. Requiring Hernandez to complete his entire three-year term of supervised release safeguards against the reoccurrence of criminal activity, while imposing only a limited burden on Hernandez. Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Hernandez does not identify any such circumstances in his motion and is instead seeking early termination of his supervision simply for complying with the conditions imposed by the court. Indeed, Hernandez's prior leadership role in an international drug trafficking organization as well as his escape from FCC Beaumont and flight to Mexico are concerning and warrant further supervision. Thus, although Hernandez appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4. "Supervised release is meant as a safety net to support reentry into the community." *Bondy*, 2026 WL 1282742, at *3. In this instance, there is no reason to terminate prematurely this safety net as to Hernandez.

The court is of the opinion that Hernandez's current sentence, including the three-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Given the nature of his offense of conviction and his criminal history, early termination would not be in the interest of justice. Accordingly, Hernandez's motion for early termination of supervised release does not warrant relief.

III.    Conclusion

In accordance with the forgoing analysis, Hernandez's *pro se* Motion for Early Termination of Supervised Release (#36) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of June, 2026.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE